IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROY LATIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-101 |
| | ) | |
| SGT. MS. LATREVIOUS HALL; | ) | |
| DR. SYDNEY PILINKO; ATRIUM | ) | |
| HEALTH NAVICENT HOSPITAL; | ) | |
| MS. VERONICA STEWART; | ) | |
| RICKY WILCOX; CPT. JIMMIE KELLOM; | ) | |
| MS. TONJI KEITH; JERMAINE WHITE; | ) | |
| SGT. RIVERA; DR. BREADEN; | ) | |
| DR. DAVID CHANEY; NURSE CRYSTAL | ) | |
| MAYNOR; NURSE GRAVES; | ) | |
| CITY OF TELFAIR COUNTY; and | ) | |
| JOHN DOE INMATE, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Macon State Prison ("MSP"), seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in Helena and Macon, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

---

[1]The Court **DIRECTS** the **CLERK** to add "John Doe Inmate" as a Defendant and update the name of Defendant Atrium Health Navicent Hospital, which is consistent with the complaint. (Doc. no. 1, pp.1, 19.)

I. **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

II. **DISCUSSION**

    A. **Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and counts as strikes: (1) Latimore v. Jones, No. 1:24-cv-5046 (N.D. Ga. Nov. 1, 2024) (dismissed as frivolous); (2) Latimore v. Hall, No. 3:24-cv-049 (S.D. Ga. July 3, 2024) (dismissed for abusing judicial process by providing dishonest disclosures on

2

complaint form); (3) Latimore v. Campbell, No. 1:15-cv-2127 (N.D. Ga. June 12, 2015) (dismissed for abusing judicial process by providing dishonest disclosures on complaint form).[2]  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.       Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Sutton v. Dist. Atty's Off., 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).  Complaints of past injuries or vague claims of possible danger are insufficient to satisfy the exception.  Jones v. Oliver, No. 7:24-cv-00097, 2024 WL 4933336, at *1 (M.D. Ga. Dec. 2, 2024).  "The alleged imminent injury must be sufficiently serious, that is, severe or life-threatening," and the imminent danger exception is to be applied only in genuine emergencies.  Id. (internal citations and quotation marks omitted).

---

[2]The Eleventh Circuit has approved imposing a strike under § 1915(g) for a dismissal based on providing dishonest information about prior filing history.  Ingram v. Warden, 735 F. App'x 706, 707 (11th Cir. 2018) (*per curiam*); Rivera, 144 F.3d at 731 (explaining abuse of judicial process dismissal "is precisely the type of strike that Congress envisioned when drafting section 1915(g)" and counting as strike a case dismissed as sanction for lying about existence of prior lawsuit); see also Ballard v. Ivey, No. 5:24-cv-0377, 2024 WL 5080236, at *1 (M.D. Ga. Dec. 11, 2024) (citing Eleventh Circuit cases which approve counting dismissal for failing to disclose prior lawsuit as a strike).

In his complaint bearing a signature date of September 30, 2025, Plaintiff alleges that while incarcerated at Telfair State Prison ("TSP") on February 3, 2023, various Defendants placed an inmate in Plaintiff's cell with the intent to allow that inmate to stab him. (Doc. no. 1, pp. 5, 6.) As a result of the attack, Plaintiff's jaw and cheek bones were broken in three places. (Id. at 5, 8.) Following this incident, Plaintiff went to Dodge County Hospital, and then on to Defendant Atrium Health Navicent Hospital ("Navicent") in Macon, Georgia, for surgery. (Id. at 5, 8.) However, Navicent and Defendant Dr. Pilinko discharged Plaintiff without performing surgery. (Id. at 5, 8.) Plaintiff did not receive any follow up care at TSP, and over two years later, he has yet to receive needed surgery and other treatment he believes is required for his injuries at his current location at MSP. (Id. at 8-11.)

Plaintiff's allegations are insufficient to satisfy the imminent danger exception with respect to the alleged attack and medical treatment provided within the Southern District of Georgia. The Court must consider "not whether each specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations." Wright v. Sprayberry, 817 F. App'x 725, 728 (11th Cir. 2020) (*per curiam*) (citing Mitchell, 873 F.3d at 874). Moreover, as explained above, complaints of past injuries or vague claims of possible danger are insufficient to satisfy the exception. Jones, 2024 WL 4933336, at *1, and general or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception).

4

Here, Plaintiff alleges a failure to protect him from an attack that occurred over two years ago at an institution where he is no longer incarcerated.[3] He does not allege any named Defendants are currently responsible for his medical treatment, and any claims regarding allegations of current deliberate indifference to his medical needs must be filed in the Macon Division of the Middle District of Georgia, the location of his current place of incarceration. Not only does Plaintiff acknowledge he was seen at two different hospitals for treatment[4] and is no longer in the care and custody of the named Defendants, but his allegations regarding the severity of his injuries two years after the attack at TSP are conclusory and unsupported by specific factual detail. Therefore, Plaintiff fails to allege his current issues are presently occurring at the hands of Defendants, or that they have created an imminent risk of serious ongoing physical injury to him by their alleged actions.

In sum, none of Plaintiff's allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule. See Odum v. Bryan Cnty. Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

---

[3] Plaintiff acknowledges at the time he filed his complaint, he had been transferred to MSP. (Doc. no. 1, p. 7.)

[4] Serious, ongoing injuries that have been recognized as sufficient to meet the imminent danger exception include "a total lack of hepatitis treatment and the resulting onset of cirrhosis," Mitchell, 873 F.3d at 874, and complete withdrawal of treatment for HIV and hepatitis, which was alleged to cause severe ongoing complications that made prisoner more susceptible to various illness that could lead to rapid deterioration of health, Brown, 387 F.3d at 1350.

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The form on which Plaintiff submitted his claims requires that prisoner plaintiffs disclose: (1) whether they ever filed a lawsuit dealing with the same or similar facts involved in the present lawsuit, (2) whether, while incarcerated or detained, they ever filed a lawsuit dealing with facts other than those involved in the present lawsuit, and other than an appeal or request for collateral relief related to their underlying conviction, and (3) whether any such suit filed IFP in federal court was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2-3.) If there is more than one such lawsuit, the additional lawsuits must be described on a separate piece of paper. (Id. at 2.)

Here, Plaintiff disclosed six prior lawsuits, including three prior cases from the Southern District. (Id. at 20; see also id. at 2-3.) The recommendation for dismissal in the most recent case dismissed in the Southern District provided a detailed listing of Plaintiff's prior cases, at least two of which do not appear in Plaintiff's list of prior cases in the instant complaint. Latimore v. Hall, No. 3:25-cv-042 (S.D. Ga Apr. 23, 2025), doc. no. 4 (citing Latimore v. Campbell, No. 1:15-cv-2127 (N.D. Ga. June 12, 2015) and an untitled case in Fulton County Superior Court with a case number 24cv4454 (Apr. 9, 2024), *adopted by* doc. no. 7 (S.D. Ga. May 27, 2025), *appeal dismissed* doc. no. 13 (S.D. Ga. July 14, 2025).) Plaintiff states he does not have all of his prior case numbers because prison staff keep taking his legal papers, and he therefore has no way to accurately recount his prior filing history. (Doc. no. 1, p. 20.) The presiding District Judge has previously taken a dim view of Plaintiff's excuses for providing false information about his prior filing history. Latimore v. Hall, No. 3:25-cv-042, doc. no. 7, p. 2.

In any event, even if the Court were to overlook the incomplete list of prior cases, Plaintiff has also provided dishonest information about the nature of one of the cases he did disclose in the instant complaint. The complaint requires disclosure of any lawsuit dealing with the same or similar facts or issues involved in this action. (Id. at 2.) Plaintiff disclosed Latimore v. Hall, No. 3:24-cv-049 (S.D. Ga. July 3, 2024). However, Latimore v. Hall, No. 3:25-cv-042, also dealt with the same alleged February 3, 2023 attack and subsequent medical treatment as that raised in the instant case. There is no explanation for failing to disclose this is the third time Plaintiff has attempted to raise the allegations forming the basis for the instant case.

As Plaintiff has had at least three cases filed in this District within the last year and a half dismissed, at least in part, for providing dishonest information on the complaint form, there can be no excuse Plaintiff is not aware of the importance of providing truthful information, and Plaintiff remembers having filed those three cases in the Southern District, as evidenced by his disclosure – by number – of those filings.[5] (See doc. no. 1, pp. 2, 20.) Indeed, even if Plaintiff did not have access to all of his legal papers because prison officials allegedly take them from him, he would have known the subject matter of his filings. Cf. Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (*per curiam*) (affirming district court's dismissal of complaint for failure to truthfully disclose filing history and explaining "[e]ven if [plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits"). Yet, Plaintiff continues to flout multiple court admonishments and provide dishonest information about the nature of his filing history.

---

[5]Latimore v. Hall, No. 3:25-cv-042 (S.D. Ga. Apr. 14, 2025); Latimore v. McFarland, No. 3:24-cv-077 (S.D. Ga. Oct. 28, 2024); Latimore v. Hall, No. 3:24-cv-049 (S.D. Ga. July 3, 2024).

7

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.' " Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information on a complaint form is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).

In sum, even if the Court were to disregard Plaintiff has again failed to provide a full accounting of the past cases he has filed, Plaintiff provided a blatantly false, dishonest, and misleading representation of his prior litigation history by failing to disclose this is his third attempt to bring a lawsuit related to the alleged attack at TSP on February 3, 2023, and his subsequent medical treatment. Plaintiff is well-aware of his obligation to provide truthful information about his filing history because, as discussed above, he previously had multiple cases dismissed for providing dishonest information on the complaint form. Accordingly, even if Plaintiff were not barred by the three strikes rule from proceeding IFP, this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[6]

---

[6]That Plaintiff may be unable to pursue some of his claims in the complaint should he choose to attempt to refile his case is not a direct consequence of the dismissal for lying, because some claims appear to have accrued at TSP as of February 3, 2023, and thus may have been time

### III. CONCLUSION

Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Moreover, the Court reminds Plaintiff that any claims regarding allegations of current deliberate indifference to his medical needs must be filed in the Macon Division of the Middle District of Georgia, the location of his current place of incarceration at MSP.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 29th day of October, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

barred by the two-year statute of limitations applicable in Georgia even when he first signed the instant complaint on September 30, 2025.  See Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  In any event, he is not entitled to proceed IFP in this case because of his status as a three-striker and would have to re-file a new case with the full filing fee, regardless of the alternative recommendation for dismissal based on lying in the complaint.